IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02491-BNB

STEVEN BARKSDALE,

    Plaintiff,

v.

GENIE CONNAGHAN,
PATRICIA PANEK, a.k.a. PATRICIA RAE, and
AVALON CORRECTIONAL SERVICES, dba PHOENIX CENTER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 29 2010

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Steven Barksdale, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Barksdale, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. As relief he seeks money damages.

    The Court must construe the Complaint liberally because Mr. Barksdale is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se*

litigant's advocate. *See id.* For the reasons stated below, the Court will dismiss Claims One and Two as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and will draw Claim Three to a district judge and to a magistrate judge.

In Claims One and Two, Mr. Barksdale alleges that he was charged with a DOC penal code violation of escape that took place while he was a participant in the Adams Community Correction Program at the Phoenix Center. Mr. Barksdale further asserts that the violation subsequently was overturned, but only after criminal charges were brought against him with respect to the escape and he was convicted and returned to the DOC. In Claim Three, Mr. Barksdale alleges that while he was housed at the Phoenix Center he was subjected to threats and attempts of violence on his life resulting in mental and physical stress. Mr. Barksdale further alleges that he was told to "deal with it" and had "no choice except to leave." (Compl. at 7.) Mr. Barksdale also alleges that because he complained about the conditions of his confinement defendants retaliated by filing criminal charges against him. Mr. Barksdale seeks money damages.

Mr. Barksdale may not recover damages for the alleged criminal charges of escape and the associated conviction. In *Heck*, the Supreme Court held that, if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Barksdale does not allege, and nothing in the case file indicates, that he has

invalidated his escape conviction, which he alleges is the basis for his current incarceration. An expungement of his DOC penal disciplinary conviction does not serve as a basis for the Court to find that his criminal conviction for escape has been invalidated. Furthermore, a finding in favor of Mr. Barksdale that he was justified in leaving the Phoenix Center due to the threats and attempted acts of violence against him necessarily would imply the invalidity of his criminal conviction or sentence. Therefore, any damage claims for his alleged current illegal confinement, as set forth in Claims One and Two, are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

As for Mr. Barksdale's claims of threats and attempted violence, the Court may address these claims separately under the Eighth Amendment. The Court, therefore, will order the Eighth Amendment claim, as stated in Claim Three, drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Claims One and Two are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Claim Three, as asserted against Defendants, is ordered drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  23rd  day of  November , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02491-BNB

Steven Barksdale
Prisoner No. 89635
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/29/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk